**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **BARON WOLMAN,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 5:19-CV-00339-OLG** |
| | § | |
| **SAN ANTONIO CURRENT CO.,** | § | |
| **Defendant.** | § | |

# ANSWER

Defendant San Antonio Current Co. ("Defendant"), by and through its undersigned counsel, hereby answers the Complaint of Plaintiff Baron Wolman ("Plaintiff") as follows:

## I. NATURE OF THE ACTION

1. Defendant admits that the Complaint purports to be a civil action arising in part under the copyright laws of the United States. The remainder of Paragraph 1 contains legal conclusions to which no response of Defendant is required. To the extent this paragraph is construed to contain factual allegations requiring a response, any such allegations are denied.

## II. JURISDICTION AND VENUE[1]

2. Defendant admits the allegations contained in Paragraph 2.

3. Defendant admits the allegation contained in Paragraph 3 that it transacts business in Texas. The remainder of Paragraph 3 contains legal conclusions to which no response of Defendant is required. To the extent this paragraph is construed to contain any additional factual allegations requiring a response, any such allegations are denied.

[1] To the extent necessary, Defendant denies the headings and subheadings contained in Plaintiff's Complaint, which are replicated herein for reference only.

4. Paragraph 4 is a legal conclusion to which no response of Defendant is required. To the extent this paragraph is construed to contain factual allegations requiring a response, any such allegations are denied.

## III. PARTIES

5. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 and therefore denies all allegations therein.

6. Defendant admits the allegations contained in Paragraph 6 that it has a place of business at 915 Dallas Street, San Antonio, Texas 78215 and that it owns and operates the website at the URL: www.Sacurrent.com. Defendant denies the remainder of the allegations in Paragraph 6.

## IV. STATEMENT OF FACTS

7. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 and therefore denies all allegations therein.

8. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and therefore denies all allegations therein.

9. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and therefore denies all allegations therein.

10. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and therefore denies all allegations therein.

11. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 and therefore denies all allegations therein. To the extent this paragraph contains legal conclusions, no response of Defendant is required.

12. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and therefore denies all allegations therein.

## V.
## FIRST CLAIM FOR RELIEF
## (COPYRIGHT INFRINGEMENT AGAINST DEFENDANT)
## (17 U.S.C. §§ 106, 501)

13. Defendant refers to and incorporates by reference its responses contained in Paragraphs 1 through 12 above as though set forth fully herein.

14. Paragraph 14 contains legal conclusions to which no response of Defendant is required. To the extent this paragraph is construed to contain factual allegations requiring a response, any such allegations are denied.

15. Paragraph 15 contains legal conclusions to which no response of Defendant is required. To the extent this paragraph is construed to contain factual allegations requiring a response, any such allegations are denied.

16. Defendant denies the allegations set forth in Paragraph 16.

17. Defendant denies the allegations set forth in Paragraph 17.

## VI.
## SECOND CLAIM FOR RELIEF
## INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST DEFENDANT
## (17 U.S.C. §§ 1202)

18. Defendant refers to and incorporates by reference its responses contained in Paragraphs 1 through 17 above as though set forth fully herein.

19. Defendant denies the allegation set forth in Paragraph 19.

20. Paragraph 20 is a legal conclusion to which no response of Defendant is required. To the extent this paragraph is construed to contain factual allegations requiring a response, any such allegations are denied.

21. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and therefore denies all allegations therein.

22. Defendant denies the allegations set forth in Paragraph 22.

23. Paragraph 23 contains legal conclusions to which no response of Defendant is required. To the extent this paragraph is construed to contain factual allegations requiring a response, any such allegations are denied.

24. Paragraph 24 contains legal conclusions to which no response of Defendant is required. To the extent this paragraph is construed to contain factual allegations requiring a response, any such allegations are denied.

## VII.
## PRAYER FOR RELIEF

25. The remainder of the Complaint constitutes Plaintiff's request for relief to which no responsive pleading is necessary. To the extent a responsive pleading is required, Defendant denies that Plaintiff is entitled to the relief sought.

## VIII.
## DEMAND FOR JURY TRIAL

26. Defendant admits that Plaintiff purports to demand a trial by jury on all issues triable by jury. Defendant specifically denies that Plaintiff is entitled to any of the relief requested in the Complaint.

## IX.
## DEFENDANT'S AFFIRMATIVE DEFENSES

27. Defendant asserts the following affirmative and additional defenses to the allegations in the Complaint:

**First Defense**
(Statute of Limitations)

Plaintiff's claims for copyright infringement are barred in whole or in part by the applicable statute of limitations, 17 U.S.C. § 507.

**Second Defense**
(Improper Copyright Registration)

Plaintiff's claims for copyright infringement are barred in whole or in part because Plaintiff does not own a valid copyright registration for the work at issue.

**Third Defense**
(Failure to State a Claim)

The Complaint fails to state a claim upon which relief can be granted.[2]

**Fourth Defense**
(Fault of Third Parties)

Defendant alleges that other parties, whether named or unnamed in the Complaint, and whether known or presently unknown to Defendant, were negligent or legally responsible or otherwise at fault for the damages alleged.

**Fifth Defense**
(No Infringement)

Defendant has not engaged in or contributed to any infringement of the copyright alleged. Furthermore, Plaintiff is unable to prove that Defendant's alleged activities constituted an act of infringement.

---

[2] Defendant explicitly reserves its right to file a motion after the pleadings are closed, including the right to file a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).

**Sixth Defense**
(Innocent Intent)

Plaintiff has not sustained any injury or damage as a result of any act or conduct of Defendant, and Defendant has at all times acted with innocent intent in that Defendant acted in good faith, innocent of any knowledge or intent to infringe Plaintiff's purported rights or to cause damage to Plaintiff.

**Seventh Defense**
(Fair Use)

Plaintiff's copyright claims are barred by the doctrine of fair use. Defendant's alleged use of Plaintiff's allegedly copyrighted works was a fair use and is therefore not an infringement of Plaintiff's alleged copyrights. *See* 17 U.S.C. § 107.

**Eighth Defense**
(Laches)

This action is barred by the doctrine of laches.

**Ninth Defense**
(Failure to Mitigate Damages)

To the extent Plaintiff has stated any claims upon which relief may be granted, any damages Plaintiff may have suffered are a result of his own improper conduct, or the result of his failure to mitigate his damages. Plaintiff has made no attempt to mitigate any actual or perceived damages, which Defendant expressly denies.

**Tenth Defense**
(*Scènes à Faire* and/or Merger)

Plaintiff's claims are barred or limited by the *scènes à faire* and/or merger doctrine in that, among other things, Plaintiff's alleged copyrighted works are ordinary, commonplace, or standard in the relevant industry.

**Eleventh Defense**
(No Statutory Copyright Damages or Attorney's Fees)

Plaintiff is not eligible to recover statutory damages in connection with some or all of its claims for infringement of the alleged registered copyrights.

**Twelfth Defense**
(First Amendment)

Plaintiff's claims are barred to the extent that alleged actions are protected by the First Amendment of the Constitution of the United States.

## X.
## RESERVATION OF RIGHTS

Defendant reserves the right to assert any additional defenses in the event that discovery or further investigation reveals the existence of such defenses.

## XI.
## JURY TRIAL

Defendant requests a jury trial on all issues triable by jury.

Respectfully submitted,

By: /s/ Laura Lee Prather______
Laura Lee Prather
State Bar No. 16234200
laura.prather@haynesboone.com
Wesley D. Lewis
State Bar No. 24106204
wesley.lewis@haynesboone.com

HAYNES AND BOONE, LLP
600 Congress Avenue, Suite 1300
Austin, Texas 78701
Telephone: (512) 867-8400
Telecopier: (512) 867-8470

**ATTORNEYS FOR DEFENDANT SAN ANTONIO CURRENT CO.**

**CERTIFICATE OF SERVICE**

The undersigned certifies that on the 1st day of May, 2019, a true and correct copy of the foregoing document was forwarded via e-filing to the following counsel of record:

Richard Liebowitz
LIEBOWITZ LAW FIRM, PLLC
11 Sunrise Plaza, Suite 305
Valley Stream, New York 11580

*Attorney for Plaintiff Baron Wolman*

/s/ *Laura Lee Prather*
Laura Lee Prather